(52 South. 683.)

No. 18,246.

LE BLUE v. SMITH et ux.

In re LE BLUE.

(June 6, 1910.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR (§ 1085*) — DISTRICT COURTS—SUPERVISION OVER JUSTICE COURTS.

The district courts have, to a certain extent, supervision over justice of the peace courts, to see that the laws are properly administered; and where the district court declares that there has been committed an irregularity, the judgment of the district court will not be changed, unless there is manifest error.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1085.*]

*(Additional Syllabus by Editorial Staff.)*

2. JUSTICES OF THE PEACE (§ 84*)—PROCEEDINGS IN CIVIL CASES — WAIVER OF DEFECT OF CITATION.

A paper in question in a justice's court, that "I, A. W. Smith," answers in his own name, and merely refers to his wife, the other defendant, and in effect denies that the amount is due, purporting to be signed by the wife only, is not an answer, waiving a defect of citation.

[Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig. § 84.*]

Action by Jules Le Blue against A. W. Smith and wife. A justice's judgment for plaintiff was reversed by the district court, and plaintiff applies for certiorari and mandamus. Petition dismissed.

J. N. Ogden and Percy T. Ogden, for applicant. Smith & Carmouche, for respondents.

BREAUX, C. J. This action was brought in the magistrate's court of one of the wards of the parish of Acadia.

The amount claimed was $48.15.

The plaintiff at the same time obtained a writ of attachment, and seized about 40 barrels of corn and a buggy.

The objection to the proceedings originally was that the return on the citation does not show upon whom the alleged service was made—whether upon the husband or upon the wife.

It reads as follows, after giving title:

"This action was served by me on the sixth day of October, 1909, by serving a copy of the same on the within named of said citation."

Whether served upon the husband or the wife, the return does not show.

The justice of the peace made note of the proceedings, in which he states that defendant A. W. Smith offered himself as a witness in his own behalf, and at the same time tendered a series of exceptions, separately; that they were dilatory, and not timely filed. For that reason they were overruled.

The justice of the peace rendered judgment

against the defendant for $48.15, and recognized the regularity of the attachment.

An appeal to the district court was taken from this judgment.

The judge of the district court reversed and annulled the judgment of the magistrate's court.

A writt of certiorari issued from this court.

In answer to the preliminary writt from this court, the judge of the district court informs us that the case was an appeal from the justice court, and for that reason there was no note of evidence taken or testimony of witnesses written in either court; and the further statement is made by him that the defendants' attorneys asked for copies of certain affidavits for an attachment taken in the justice court, which were not furnished to them; that they sent exceptions to the justice of the peace to be filed, which he failed to file.

The fact regarding the affidavit is referred to as proving that the magistrate knew that defendant had employed counsel.

### The Original Exceptions.

They allege want of service, misjoinder, grounds to dissolve the attachment, and, in the alternative, the defendant answered plaintiff's demand.

The magistrate, in his statement of the case for the appeal, said that the exceptions were filed too late; that is, after the trial had been opened on the 28th day of October, 1909.

The district judge in his return further states that, although the magistrate represents that the reference to the exceptions made by him in the statement for the appeal to this court was as of date the 19th day of October, 1909, it was evidently received by him on the 9th day of that month.

The magistrate found as a fact, as stated in his note of the case, that the property belonged to the wife.

It remains that the exception, although received in due time, as stated by the district judge, was ignored by the magistrate, and instead he chose to take up and consider as an answer a paper which was not an answer.

This asserted answer, dated October 19, 1909, is inartistically written:

"I, A. W. Smith," answers in his own name, and merely refers to his wife, the other defendant, and he in effect denies that the amount is due.

The answer is signed by the wife—that is, it purports to be her signature—and not by the husband. It is nondescript paper. It is not admissible even as a paper filed in a magistrate's court.

At that time, according to the district judge, who has heard all the testimony, the magistrate had exceptions in his possession and a complete answer.

The ground urged by plaintiff, based on defendants' dilatoriness, or the dilatoriness of their counsel in filing their exception, is not evident.

The complaint of plaintiff, the applicant here, is:

"That said cause was fixed for trial in the district court of Acadia parish for the 22d day of March, 1910, and that on said day of the trial defendants, through counsel, renewed their exceptions of want of citation and misjoinder of parties, which exceptions were filed in the court below after the answer had been filed and after the plaintiff's case had been closed, and while the defendant A. W. Smith was on the stand, testifying as a witness in his own behalf, he for the first time offered to file these exceptions."

We will in the first place state that the duty of the magistrate is clearly laid down. In his record the magistrate—

"shall state the answer of the defendant if he appears, and his nonappearance if he makes default." Code Prac. art. 1074.

This was not done by him.

There is only one inference to be arrived at from the record. The magistrate withheld the exceptions and answers of the defend-

ant. The attorneys for defendants were not at the trial. They forwarded exceptions and answered to the magistrate, who only brought them forth when they were too late to be of any use. He did not take them up, as he should have done, and decide them. He instead, for some reason, considered as an answer the pencil-written answer of Smith, the husband, one of the defendants.

It was really not an answer. In the body, Smith averred that it was his answer.

The illy prepared paper has a signature purporting to be the signature of Mrs. Smith.

The language denotes that it is the answer of Smith exclusively, and not that of Mrs. Smith.

It was not an answer. It did not cure the want or absolute defect of citation and the return.

The judge of the district court, in the district court, dismissed the suit on the ground that no service appeared to have been made.

We are unable to say, with the papers before us, that he erred.

It is true that the magistrate states that plaintiff and the defendants were present at the trial.

There is some doubt about the presence of Mrs. Smith.

In any event, he should have called upon Smith and wife, if both were present, for their answers. This was not done. The magistrate places reliance on a paper as being an answer which was not an answer.

We are not impressed by the proceedings before the magistrate's court, and for that reason withhold our sanction.

The judge of the district court, in expressive language, has chosen to condemn these proceedings.

The magistrates' courts are to an extent under his supervision. A part of his function consists in seeing that their administration of the laws is proper. When he declares that there has been an irregularity committed in a magistrate's court to a greater extent than we have chosen to state, we are of opinion that we should not reverse his judgment.

For reasons assigned, it is ordered, adjudged, and decreed that the rule is discharged, and the demand and petition of applicant dismissed.